UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

GLYNN JONES,

        Plaintiff,

  - against -

WILLIAM J. CONNOLLY, et al.,

        Defendants.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

09 Civ. 3287 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Liberally construed, Jones claims that his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process of law were violated by defendants' failure to repair, and to divert him from, a broken step on the grounds of Fishkill Correctional Facility. Specifically, Jones alleges that on January 2, 2009 he slipped and fell on the step, twisting his left knee and hitting his back against metal and concrete steps.[1] He claims that the step was damaged and deteriorating, and that a large portion of the step was missing.[2] Jones states that, as a result of his fall, he suffers from pain and

---

    [1]     *See* Amended Complaint ¶ 3.

    [2]     *See id.* ¶ 4.

1

numbness in his back, legs, left knee, and toes, as well as migraines and dizziness.[3] He also alleges "extreme emotional distress."[4] He requests declaratory relief and substantial damages.[5]

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody."[6] "Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate."[7] "However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice."[8] Nor is "the due process clause of the fourteenth amendment . . . implicated by mere negligence on the part of state officials."[9]

Jones's allegations are classic negligence allegations and as such

---

[3]  *See id.* ¶ 58.

[4]  *Id.*

[5]  *See id.* ¶ 59.

[6]  *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

[7]  *Id.* (quoting *Morales v. New York State Dep't of Corrections*, 842 F.2d 27, 30 (2d Cir. 1988)).

[8]  *Id.*

[9]  *Morales*, 842 F.2d at 30 (citing *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), and *Daniels v. Williams*, 474 U.S. 327, 330 (1986)).

cannot trigger the protections of the Constitution.[10] Accordingly, Jones's constitutional claims are dismissed with prejudice. To the extent that Jones has alleged state law claims, they are dismissed without prejudice.[11] The Clerk of the Court is directed to close this motion (document number 22) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
February 16, 2010

---

[10] Although Jones alleges that each defendant was "grossly negligent in his duty," he has made no allegations that lend even a hint of plausibility to the notion that the failure to fix a step amounts to gross negligence rather than ordinary negligence. See *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009).

[11] See 28 U.S.C. § 1367(c)(3) (stating that a federal district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction).

3

## - Appearances -

**Plaintiff (Pro Se):**

Glynn Jones
# 0383140L
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

**For Defendants:**

Jeb Harben
Assistant Attorney General of the State of New York
120 Broadway
New York, New York 10271
(212) 416-6185